24CA2151 Trent v Lorenz 02-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2151
Arapahoe County District Court No. 24CV31625
Honorable Thomas W. Henderson, Judge

Walter Trent, as Trustee of the Melungeon Trust, and Patricia Trent, as Trustee of the Melungeon Trust,

Plaintiffs-Appellants,

v.

Wayne Lorenz,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE JOHNSON
Harris and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

Mulliken Weiner Berg & Jolivet P.C., Karl A. Berg, Jr., Olivia M. Urso, Colorado Springs, Colorado, for Plaintiffs-Appellants

The Holt Group LLC, L. Tyrone Holt, Andrew J. King, Denver, Colorado, for Defendant-Appellee

¶ 1    Plaintiffs, Walter and Patricia Trent (collectively, the Trents), as trustees of the Melungeon Trust (the Trust), appeal the district court's grant of summary judgment in favor of defendant, Wayne Lorenz (Lorenz). The Trents' complaint alleged that Lorenz had converted for his own use certain fees collected from the Trents that were owed to the review committee of the Trents' homeowner's association (the HOA).

¶ 2    On appeal, the Trents contend that the court erred by barring their claims on issue preclusion grounds. We agree with the Trents that issue preclusion does not bar their claims. Therefore, we reverse the judgment and remand the case to the district court for further proceedings consistent with this opinion.

## I.    Background

¶ 3    Lorenz is the president and sole shareholder of the Stonebridge Corporation (Stonebridge), a custom homebuilder. In May 2021, the Trust, through the Trents, contracted with Stonebridge to construct a custom home in Denver. Pursuant to the contract, Stonebridge acted as the general contractor and construction manager. During the construction, Stonebridge submitted periodic invoices to the Trents that the Trust paid.

Disputes between Stonebridge and the Trust arose that resulted in Stonebridge terminating the contract by letter in March 2023.

¶ 4 In December 2023, Stonebridge initiated an arbitration action against the Trust for amounts allegedly owed by the Trust. The Trust, in turn, counterclaimed that Stonebridge was not entitled to certain costs.

¶ 5 On February 14, 2024, the arbitrator issued an interim award, ruling that Stonebridge's termination of the contract was justified because the Trust had (1) stated its intent to withhold payments from Stonebridge until certain conditions were met, which resulted in the Trust's anticipatory repudiation of the contract; and (2) interfered with Stonebridge's ability to perform under the contract, leading to the project nearing a "standstill." The arbitrator also concluded that Stonebridge was "entitled to recover its costs, and fee, for work performed" but that the Trust was "entitled to recover any payments [it] made for charges which were improper or for work performed which was defective." Thus, both sides were entitled to certain costs, which resulted in a net principal amount of $87,059.74 awarded to Stonebridge. The arbitrator issued a final award on April 3, 2024.

¶ 6     After issuance of the interim award but before the final award, the Trents received an email on March 25, 2024, from the management company that handled matters on behalf of their HOA. The email indicated that the Trents had failed to pay $11,000 in "HOA DRC Submittal Fee[s]" (the HOA Fees). Stonebridge had collected the HOA Fees as part of the contract and said that it had paid them to the HOA in October 2021. The Trents paid the HOA Fees to the HOA.

¶ 7     The Trents requested that Stonebridge repay them the $11,000, but Stonebridge refused, contending that the amounts had been paid. In support, Stonebridge pointed to an email it sent the HOA in October 2021 that referenced three checks it had purportedly delivered.

¶ 8     The Trust and the Trents initiated this action against Lorenz, alleging civil theft and conversion of the HOA Fees. The district court awarded summary judgment in favor of Lorenz, concluding that issue preclusion barred the Trust and the Trents' claims because the arbitrator had already decided that Stonebridge was entitled to the HOA Fees in its award. The Trents now appeal.

## II.      Standard of Review and Applicable Law

¶ 9      We review a district court's order granting a motion for summary judgment de novo.  *Delsas v. Centex Home Equity Co.*, 186 P.3d 141, 145 (Colo. App. 2008).  Summary judgment may only be granted if there is no genuine issue of material fact that would affect the outcome of the case.  *Id.*

¶ 10      Whether a district court properly applied issue preclusion is a question of law that we review de novo.  *Vanderpool v. Loftness*, 2012 COA 115, ¶ 17.

¶ 11      "Issue preclusion provides that when a court enters a final decision on an issue previously litigated, the decision is conclusive in a subsequent action involving the same parties or those in privity with the original parties."  *Concerning Application for Water Rts. of Sedalia Water & Sanitation Dist.*, 2015 CO 8, ¶ 16.  Four criteria must be met for issue preclusion to apply: (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior action; (2) the party against whom estoppel is sought was either a party to the prior action or in privity with a previous party; (3) a final judgment was entered on the merits in the prior proceeding; and (4) the party against whom estoppel is sought had

a full and fair opportunity to litigate the issues in the prior proceeding. *Id.* The burden of establishing these elements is with the party seeking preclusion of the issue. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85 (Colo. 1999).

### III.  Analysis

¶ 12    The Trents contend that the first element of issue preclusion — that the issue was actually litigated and necessarily adjudicated in the prior action — is not satisfied because the arbitrator did not decide whether Lorenz stole the $11,000 that was supposed to be paid to the HOA.

¶ 13    The Trust's counterclaim in the arbitration alleged that Stonebridge "invoiced [the Trust] for costs not necessarily incurred in the proper performance of the work" and "failed and refused to provide . . . documentation substantiating the entire cost of the work invoiced by Stonebridge." As part of the arbitration, Lorenz submitted an expert report outlining the costs that Stonebridge had invoiced the Trust. The district court noted that the report "specifically references each of the three components of the $11,000," and that "the $5,000 amount invoiced by Stonebridge for [the HOA Fees] should have only been $3,500, and therefore $1,500

of the invoiced sum was 'unsupported.'" The court then concluded that, even though the arbitrator's interim and final awards did not specifically refer to the $11,000, the arbitrator noted that he had addressed all pending claims and counterclaims. And the district court concluded that, based on these facts, "all issues relating to the $11,000 w[ere] litigated and adjudicated in the arbitration."

¶ 14 The district court acknowledged, however, that "any claim relating to whether Stonebridge (or Lorenz as Stonebridge's agent) actually paid the $11,000 (or some portion thereof) does *not* appear to have been litigated at the arbitration." But it concluded that the Trust had a "full and fair opportunity to litigate this issue." It reasoned that the Trust's counterclaim included review of "'costs not necessarily incurred in the *proper performance of the work*,' which [the Trust] recognized as including the HOA [Fees of] $11,000." (Emphasis added.)

¶ 15 We disagree with the district court's reasoning because the issues underlying the Trents' current claims were neither "actually litigated" nor "necessarily adjudicated" in the arbitration and, thus, the claims are not barred by issue preclusion. We reach this conclusion for two reasons.

6

¶ 16    First, the Trents' allegation that Stonebridge did not pay the $11,000 HOA Fee was not "actually litigated" because the Trents alleged that they did not have notice of their civil theft or conversion claims until *after* issuance of the interim award. Therefore, whether the Trents had an "opportunity" to litigate this issue is irrelevant. Therefore, we conclude this issue was not "actually litigated" as part of the arbitration. *Bebo Constr. Co.*, 990 P.2d at 85.

¶ 17    The Trust's counterclaim focused on whether the HOA Fees were necessary costs in the "proper performance" of the work. Because the HOA Fees were required to be submitted as part of the construction of the home, the arbitrator correctly determined in the interim award that Stonebridge was entitled to charge those amounts to the Trust. In other words, they were necessary costs for proper performance of the work.

¶ 18    But whether the cost was "properly" assessed is distinct from the claims that the Trents now bring, which is whether Lorenz converted that "properly" assessed cost by not paying the HOA Fees to the HOA. As the Trents alleged in their complaint, they could not have "actually litigated" the alleged misappropriation of the "properly" charged HOA Fees because they did not know that such

fees had not been paid until March 25, 2024, when they received an email from a representative of the HOA indicating that the deposit for the "DRC submittal" had not been paid. And the record supports that the interim award had already been issued more than a month earlier on February 14, 2024.

¶ 19    Second, a determination of whether Lorenz misappropriated the $11,000 was not "necessary to a judgment" of whether Stonebridge appropriately charged the Trents that amount as part of the construction of the home. *See Bebo Constr. Co.*, 990 P.2d at 85-86. "Even if not explicitly determined, an issue is nevertheless considered to have been 'actually' determined for purposes of [issue preclusion] if its resolution is necessarily implied in an actual determination." *Reynolds v. Cotten*, 2012 CO 27, ¶ 10. We acknowledge that the Trust sought reimbursement for costs charged that were not "proper." But an arbitrator could determine, as this arbitrator did, that the HOA Fees were proper costs without determining whether Stonebridge improperly converted those "proper" fees by retaining them based on the information disclosed to the Trents in March 2024. *See Rhino Fund, LLLP v. Hutchins*, 215 P.3d 1186, 1195 (Colo. App. 2008) (an action will lie for the

conversion of money where there is an obligation to return or otherwise particularly treat specific money).

¶ 20 Because the issue of whether Stonebridge paid $11,000 to the HOA or whether Lorenz stole that money from the Trents was not actually litigated or necessarily adjudicated in the arbitration, we conclude that the court erred by granting summary judgment in favor of Stonebridge on the Trents' claims of civil theft and conversion.

## IV. Conclusion

¶ 21 The judgment is reversed, and the case is remanded to the district court to conduct further proceedings consistent with this opinion.

JUDGE HARRIS and JUDGE SCHOCK concur.